UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VINCENT LONGO, <br><br> Plaintiff, <br><br> -against- <br><br> SERGEANT FREDERIC ORTIZ, DETECTIVE ANTHONY MANUZZA, and UNIDENTIFIED POLICE OFFICERS in their capacity as individuals, <br><br> Defendants. | USDC SDNY <br> DOCUMENT <br> ELECTRONICALLY FILED <br> DOC #:_____ <br> DATE FILED:__9/26/2016__ <br><br><br> 15-CV-7716 (VEC) <br><br> OPINION & ORDER |

VALERIE CAPRONI, United States District Judge:

Plaintiff Vincent Longo brings this action pursuant to 42 U.S.C. § 1983 against Sergeant Frederic Ortiz, Detective Anthony Manuzza, and Unidentified Police Officers (collectively, "Defendants"), all in their individual capacities as employees of the New York City Police Department ("NYPD"). Plaintiff asserts claims for malicious prosecution and denial of a fair trial. Defendants have moved to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim (the "Motion") (Dkt. 14). For the following reasons, Defendants' Motion is GRANTED.

## BACKGROUND[1]

On October 12, 2010, plain-clothes police officers, including Defendant Ortiz, stopped Plaintiff while he was walking with some acquaintances and his dog outside his home in Manhattan. Compl. ¶¶ 10-13. Plaintiff was allegedly unaware that Defendant Ortiz was a plain-clothed police officer and was startled by the stop. He quickly entered his building and closed

---

[1] The facts are taken from the Plaintiff's complaint. The Court assumes that all facts alleged in the complaint are true, *see Galper v. JP Morgan Chase Bank*, 802 F.3d 437, 443-44 (2d Cir. 2015), although some seem far-fetched.

the door. *Id.* ¶ 14.  According to Plaintiff, the building door was glass and, through the door, he saw that Defendant Ortiz was pointing a gun at him. *Id.* ¶¶ 15.

As Plaintiff ran to his apartment on the third floor, Defendant Ortiz broke through the glass door of the building and, still pointing his gun, followed Plaintiff. *Id.* ¶¶ 16-20.  Plaintiff entered his apartment and attempted to close the door, but Ortiz used his weapon to block the door from closing. *Id.* ¶¶ 21-22.  As Plaintiff tried to push the weapon out of the way and wrestle the door shut, additional police officers arrived. *Id.* ¶¶ 22-25.  At some point, a black NYPD radio was used to prevent the door from closing. *Id.* ¶ 25.  Plaintiff grabbed the radio and was able to close the door. *Id.* ¶¶ 26-27.

After the door was shut, Plaintiff realized, allegedly for the first time, that he held a police radio and that the individuals outside his door were police officers. *Id.* ¶ 27.  At that point, Plaintiff climbed down his fire escape to the street and surrendered to officers who had gathered outside of his apartment building. *Id.* ¶¶ 28-32.

Police took Plaintiff to the police station and charged him with: (1) Attempted Criminal Possession of a Weapon in the Second Degree, (2) Assault in the Second Degree, (3) Criminal Mischief in the Second Degree, (4) Robbery in the Third Degree, (5) Attempted Robbery in the Third Degree, (6) Reckless Endangerment in the Second Degree, (7) Criminal Possession of a Controlled Substance in the Seventh Degree, and (8) Unlawful Possession of Marijuana. *Id.* ¶ 34.  Plaintiff was incarcerated for approximately two weeks before being released on bail. *Id.* ¶ 38.

Plaintiff alleges that, in relation to the incident, Defendants fabricated facts "in order to justify the bad stop, seizure, illegal search, reckless[] destr[uction of] property by crashing through a glass door and having drawn a gun without any legal justification." *Id.* ¶ 35.

According to Plaintiff, Defendants "swore to and signed a search warrant affidavit based on information they fabricated" and, after a Supreme Court judge approved the warrant, "tore through" Plaintiff's apartment. *Id.* ¶¶ 36-37. Moreover, Plaintiff asserts that "[D]efendants provided false information to the District Attorney," which led to criminal charges being brought against him, *id.* ¶ 39, and "false testimony . . . during the Manhattan District Attorney's grand jury presentation," which led to a grand jury indicting him for Robbery in the Third Degree, Attempted Robbery in the Third Degree, and three counts of Attempted Assault in the Second Degree, *id.* ¶¶ 40-41. Plaintiff also contends that Defendants "gave false testimony" during pre-trial hearings and jury trial, *id.* ¶ 44, and harassed one of Plaintiff's primary witnesses by "temporarily seizing and searching the witness on the street" the day that the witness was scheduled to testify, commenting that it was a "big day." *Id.* ¶¶ 42-43. On July 22, 2015, Plaintiff was acquitted of all charges. *Id.* ¶ 46.

## DISCUSSION

Defendants move to dismiss the Complaint arguing that Plaintiff has (1) failed to state a claim for malicious prosecution because he has not sufficiently pled facts to overcome the presumption of probable cause created by the indictment or to support his allegation that the Defendants acted with the requisite malice, and (2) failed to state a claim for denial of his right to a fair trial because his allegations are conclusory and the fabricated evidence he alleges cannot properly form the basis for such a claim.

### I.   Legal Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief." *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56

(2007)).  Federal Rule of Civil Procedure 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  "Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "[T]o survive a motion under Rule 12(b)(6), a complaint does not need to contain detailed or elaborate factual allegations, but only allegations sufficient to raise an entitlement to relief above the speculative level."  *Keiler v. Harlequin Enters., Ltd.*, 751 F.3d 64, 70 (2d Cir. 2014) (citation omitted).  Plaintiff's allegations must nudge his claims "'across the line from conceivable to plausible.'"  *Iqbal*, 556 U.S. at 683 (quoting *Twombly*, 550 U.S. at 570).

## II.   Malicious Prosecution

To prevail on a malicious prosecution claim under Section 1983, a plaintiff must establish the elements of a state law malicious prosecution claim and also show a violation of his rights under the Fourth Amendment.  *See Roberts v. Babkiewicz*, 582 F.3d 418, 420 (2d Cir. 2009).  To establish a malicious prosecution claim under New York law, a plaintiff must prove "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions."  *Manganiello v. New York City*, 612 F.3d 149, 161 (2d Cir. 2010) (citations and internal quotations omitted); *see also Murphy v.*

*Lynn*, 118 F.3d 938, 947 (2d Cir. 1997), *cert. denied*, 522 U.S. 1115 (1998).  Defendants argue that Plaintiff fails sufficiently to plead factual allegations to meet the third and fourth elements.

### A.  Probable Cause

The existence of probable cause is a complete defense to a claim for malicious prosecution.  *Manganiello*, 612 F.3d at 161-62.  An "'indictment by a grand jury creates a presumption of probable cause'" that a plaintiff may rebut only by "'evidence that the indictment was procured by "fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith."'"  *Id.* (quoting *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003) (quoting *Colon v. City of New York*, 60 N.Y.2d 78, 83 (1983))); *see also Rothstein v. Carriere*, 373 F.3d 275, 283 (2d Cir. 2004) ("'The presumption may be overcome only by evidence establishing that the police witnesses have not made a complete and full statement of facts either to the Grand Jury or to the District Attorney, that they have misrepresented or falsified evidence, that they have withheld evidence or otherwise acted in bad faith.'" (quoting *Colon*, 60 N.Y.2d at 82-83)).

Defendants argue that Plaintiff fails to plead factual allegations sufficient to overcome the presumption of probable cause created by the indictment.  *See* Defs. Mem. at 5-8; Defs. Reply at 2-6.  Plaintiff responds that he has alleged sufficient facts as to "other police conduct undertaken in bad faith."  Pl. Opp. at 15.  The crux of Plaintiff's argument appears to be that the charges on which Plaintiff was ultimately indicted—Robbery in the Third Degree, Attempted Robbery in the Third Degree and three counts of Attempted Assault in the Second Degree—all arose in response to an unjustified hot pursuit of Plaintiff into his apartment building.[2]  Plaintiff contends

---

[2]  It is important to note what this is case is *not* about.  Plaintiff does *not* claim false arrest or that he was subject to an unlawful search.  In his opposition, he reiterates he is "not suing over the unjustified chase and entry into his home."  Pl. Opp. at 13.  Although his opposition to Defendants' motion includes a lengthy analysis of the legality of Defendants' hot pursuit, Plaintiff states clearly that it is relevant only for context.  Pl. Opp. at 13 ("[I]t was the defendants' inappropriate acts, after they had taken drastic actions when chasing someone who was not a fleeing felon, which created the need for them to manufacture facts and evidence and pass those along to the prosecutors which caused plaintiff's ordeal.").

that the officers, to cover up what was otherwise an unjustified hot pursuit that resulted in damage to his apartment and to the apartment building, "manufactur[ed] facts and evidence and pass[ed] those along to the prosecutors" and the grand jury; in particular, Ortiz fraudulently created and executed affidavits in support of the search warrant for Plaintiff's apartment[3] and in the criminal complaint.  *Id.* at 13.[4]

The grand jury's indictment presumptively established that probable cause existed for the charges of Robbery in the Third Degree, Attempted Robbery in the Third Degree and three counts of Attempted Assault in the Second Degree.  Accordingly, Plaintiff is required to rebut that presumption and must establish that the alleged circumstances "warrant a finding of misconduct sufficient to erode the 'premise that the Grand Jury acts judicially.'"  *Rothstein*, 373 F.3d at 283-84 (quoting *Colon*, 60 N.Y.2d at 82).

Plaintiff's allegations in his Complaint are insufficient to overcome the presumption of probable cause created by the indictment.  He alleges that his indictment "was secured by the suppression of exculpatory evidence and by dishonest statements made by the defendants to the prosecutor as well as to the grand jury."  *Id.* ¶ 52.  He further alleges that Defendants "swore to and signed a search warrant affidavit based on information they fabricated,"  *id.* ¶ 36; Defendants

---

[3]     Although Plaintiff focuses on alleged false statements in the search warrant affidavit, the Court does not fully understand the relevance of those arguments to Plaintiff's claims of malicious prosecution and denial of a fair trial, inasmuch as Plaintiff is not asserting claims relating to the search.

[4]     Although Plaintiff also alleges in his Complaint that "false testimony . . . during the Manhattan District Attorney's grand jury presentation," *id.* ¶ 40, and false testimony during pre-trial hearings and jury trial, *id.* ¶ 44, constituted bad faith conduct, the parties agree that, pursuant to the Supreme Court's holding in *Rehberg v. Paulk*, 132 S. Ct. 1497 (2012), Plaintiff cannot premise his malicious prosecution allegations on defendants' allegedly false testimony to the grand jury or the Court.  *See* Pl. Opp. at 9; *see also Rehberg*, 132 S. Ct. at 1506 ("[W]e conclude that grand jury witnesses should enjoy the same immunity as witnesses at trial. This means that a grand jury witness has absolute immunity from any § 1983 claim based on the witness' testimony.")   As the Second Circuit has made clear, however, the absolute immunity articulated in *Rehberg* does not "'extend[] to *all* activity that a witness conducts outside of the grand jury room.'" *Coggins v. Buonora*, 776 F.3d 108, 112-13 (2d Cir. 2015) (denying a police officer absolute immunity from plaintiff's allegations that the officer withheld and falsified evidence) (quoting *Rehberg*, 132 S. Ct. at 1507 n.1).

6

"provided false information to the District Attorney," *id.* ¶ 39; and Defendants harassed one of

Plaintiff's primary witnesses by "temporarily seizing and searching the witness on the street" the

day that the witness was scheduled to testify, commenting that it was a "big day," *id.* ¶¶ 42-43.

But Plaintiff's allegations as to false or fabricated information are entirely conclusory and

generalized and do not contain the specificity required to state a claim for malicious prosecution.

*See Abdul-Rahman v. City of New York*, No. 10 CV 2778 (ILG), 2012 U.S. Dist. LEXIS 45653,

at *29 (E.D.N.Y. Mar. 30, 2012) (finding that allegations that officers "falsely and maliciously

told" the District Attorney's Office that plaintiff had committed various crimes or "provided

false testimony" were "conclusory and generalized allegations . . . insufficient to overcome the

presumption of probable cause created by the indictment."); *Lewis v. City of New York,* No. 12-

CV-2836 (RRM) (RML), 2013 WL 6816615, at *9 (E.D.N.Y. Dec. 24, 2013) (finding Plaintiff

had failed to rebut the presumption of probable cause when Plaintiff did "not allege any facts

concerning the form or substance of the evidence or information he claims [was] fabricated"),

*aff'd*, 591 F. App'x 21 (2d Cir. 2015).  Plaintiff's allegation of "harassment" of one of his

primary witnesses is particularly irrelevant because, among other reasons, the alleged harassment

occurred *after* the Plaintiff was indicted; even if true, such conduct entirely fails to call into

question the validity of the indictment.

Moreover, the Court will not consider factual allegations that Plaintiff raised for the first

time in his opposition brief to Defendants' Motion to Dismiss.  There, Plaintiff asserted that the

false information he is alleging in the search warrant affidavit and criminal complaint are Ortiz's

representations that: (1) Ortiz personally observed motions indicative of a drug hand off, Pl.

Opp. at 4, 10, 15-16, 19-21; (2) Ortiz found glassine envelopes allegedly containing heroin

residue that he connected to Plaintiff, *id.* at 4, 17; (3) Plaintiff caused damage to Plaintiff's

apartment, apartment building, and water pipes, *id.* at 4, 6-8; and (4) Plaintiff injured Ortiz's

right leg and foot, *id.* at 20-21.  Nowhere in the Complaint, however, does Plaintiff allege facts

regarding the alleged drug-hand off, the discovery of the glassine envelopes, the extent of

damage to the Plaintiff's apartment, or any injuries to Ortiz.  "'[T]he Court does not rely on

factual assertions made for the first time in Plaintiff's opposition brief . . . as it is 'axiomatic that

the Complaint cannot be amended by briefs in opposition to a motion to dismiss.'"  *Troy v. City*

*of New York*, No. 13-CV-5082 (AJN), 2014 WL 4804479, at *1 (S.D.N.Y. Sept. 25, 2014), *aff'd*,

614 F. App'x 32 (2d Cir. 2015).[5]

Plaintiff also urges the Court separately to analyze probable cause for the charges on

which the grand jury did *not* indict him: Attempted Criminal Possession of a Weapon, Criminal

Mischief, Reckless Endangerment, Criminal Possession of a Controlled Substance, and Unlawful

Possession of Marijuana.  *See* Pl. Opp. at 17-18.  Relying on *Posr v. Doherty*, 944 F.2d 91 (2d

---

[5]     Plaintiff also introduces with his opposition brief a number of exhibits that were not attached to his
Complaint, including the criminal complaint and excerpts of the trial and hearing transcripts from Plaintiff's
criminal trial, Keum Decl. (Dkt. 19), Exs. 2, 3, 5; the supporting affidavit and search warrant for Plaintiff's
apartment, *id.* Ex. 4; Ortiz's medical records associated with injuries incurred in connection with Plaintiff's arrest,
*id.* Ex. 6; photographs of the damaged doors to Plaintiff's apartment building and his apartment, of his sink and
damaged pipes, and of a sign from the Department of Building on the front door of the apartment below Plaintiff's
deeming the apartment to be uninhabitable, *id.* Exs. 7-9; and a datasheet specific to Plaintiff's criminal case
generated by the Manhattan District Attorney's Office, *id.* Ex. 10.

Under certain circumstances, a district court may consider documents other than the complaint when
deciding a Rule 12(b)(6) motion, such as documents attached to the complaint or incorporated by reference, matters
of which judicial notice may be taken under Rule 201 of the Federal Rules of Evidence, and documents integral to
the complaint where the complaint "relies heavily upon its terms and effect."  *Chambers v. Time Warner, Inc.*, 282
F.3d 147, 152-53 (2d Cir. 2002); *see also Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).  The Court declines,
however, to consider such materials when the factual allegations they are offered to support are not themselves pled
in Plaintiff's complaint.

Even if the Court were to consider these allegations and documents, the Court is skeptical that, without
more, they would be sufficient to counter the presumption of probable cause.  *See Lewis v. City of New York*, 591 F.
App'x 21 (2d Cir. 2015) (summary order) (allegations "that the defendant officers *must have* fabricated evidence in
light of [plaintiff's] version of the events and his ultimate acquittal" are insufficient to counter the presumption of
probable cause); *see also Jefferson v. Javits*, No. 06-CV-6616 (NGG) (LB), 2010 WL 3926203, at *3 (E.D.N.Y.
Sept. 30, 2010) ("Speculation or conjecture that a plaintiff's indictment resulted from a defendant's misconduct will
not suffice."); *Coakley v. 42nd Pct. Case 458*, No. 08 CIV. 6206 (JSR), 2009 WL 3095529, at *7 (S.D.N.Y. Sept.
28, 2009) ("[W]ithout factual support, [plaintiff's] speculations of a set-up are insufficient to overcome the
presumption of probable cause created by the indictment.").

Cir. 1991), and *Janetka v. Dabe,* 892 F.2d 187 (2d Cir. 1989), Plaintiff argues that "[a]s the

indicted and not indicted charges are entirely distinguishable, at a bare minimum plaintiff's

malicious prosecution claim for the felonies he was not tried on must be allowed to move

forward." Pl. Opp. at 18.

  In *Posr*, the Second Circuit held that a finding of probable cause on one charge does not

foreclose a malicious prosecution claim based on charges requiring different, and more culpable,

behavior. 944 F.2d at 100 (citing *Janetka,* 892 F.2d at 189). In *Janetka*, the Second Circuit held

that an unfavorable termination on one charge should not preclude a finding of liability for a

malicious prosecution claim on a separate charge. *Janetka*, 892 F.2d at 190. In *Janetka*, the

Second Circuit emphasized that the elements of each charge were different, neither charge was a

lesser included offense of the other, and the charges arose out of distinct facts. *Id.* ("[Plaintiff]

was charged with two distinct offenses involving distinct allegations"—the disorderly conduct

charge involved plaintiff's actions toward an unidentified individual, while the other involved

plaintiff's actions toward the officers attempting to arrest him); *see also Posr*, 944 F.2d at 100

(noting with approval the finding in *Janetka* that the charges "arose out of distinct facts and

should be analyzed separately" and, from that, the jury could have concluded there was probable

cause to charge plaintiff with disorderly conduct but not with resisting arrest or assault.). Both

cases highlight the need for courts to analyze separately the charges claimed to have been

maliciously prosecuted. *Posr*, 944 F.2d at 100 ("While [*Janetka* is] not precisely on point here,

where the issue is whether the officers had probable cause to commence proceedings against

[plaintiff], not with whether the charges were terminated in plaintiff's favor, *Janetka* is useful in

highlighting the need to separately analyze the charges claimed to have been maliciously

prosecuted.").

Defendants argue that *Janetka* and *Posr* do not apply to this case because "[a]ll charges, both indicted and unindicted, arise from the same factual circumstances involving the same individuals and here, plaintiff was indicted on felony charges of similar degree."  Defs. Reply at 7.  The Court is skeptical of Defendants' position, but need not resolve the issue at this juncture.[6]  Plaintiff's Complaint is devoid of allegations sufficient to state a malicious prosecution claim on the basis of the unindicted offenses.  In his Complaint, Plaintiff stated in conclusory fashion that Ortiz stopped him "[w]ithout probable cause, reasonable suspicion, nor an announcement of who he was," Compl. ¶ 13; *see also id.* ¶ 48 ("[D]efendants . . . caused and continued his arrest, without probable cause, nor a reasonable suspicion he had committed the crimes alleged"), mentioned in passing that he was charged with "Criminal Possession of a Controlled Substance" and "Unlawful Possession of Marijuana," *id.* ¶ 34, and described the incident as a "bad stop," *id.* ¶ 35.  But other than those vague and conclusory allegations, Plaintiff's Complaint lacks any factual assertions about the events giving rise to the unindicted charges or to support his position that, as to those charges, there was no probable cause.[7]

---

[6]      The unindicted charges of criminal possession of a controlled substance and unlawful possession of marijuana involve distinct and different elements than the indicted charges of robbery and assault.  Additionally, none of the unindicted charges is a lesser included offense of the indicted charges.

[7]      Because Plaintiff's Complaint otherwise fails to plead facts sufficient to support his claims, the Court need not address Defendants' concern that Plaintiff will be unable to show that, for the unindicted charges, he suffered a cognizable deprivation of liberty separate and apart from the indicted charges.  Defs. Reply at 7. Defendants are correct that, in addition to the elements of malicious prosecution under state law, Plaintiff must also allege that there was "a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights" in order to state a claim for malicious prosecution under section 1983.  *See Rohman v. New York City Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000).  Plaintiff's complaint asserts that he "was incarcerated for approximately two weeks before being released on bail."  Compl. ¶ 38.  From the face of the Complaint, however, the Court cannot tell whether the bail conditions imposed on Plaintiff were more onerous because of the charges on which he was ultimately not indicted.  Without some indication that the unindicted charges caused a deprivation of liberty over and above what was caused by the indicted charges, Plaintiff will be unable to state a claim.

### B. Actual Malice

Defendants also urge the Court to dismiss Plaintiff's malicious prosecution claim because Plaintiff has not alleged adequately actual malice. Defs. Mem. at 8-9. "Under New York law, malice does not have to be actual spite or hatred, but means only 'that the defendant must have commenced the criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served.'" *Pinter v. City of New York*, 976 F. Supp. 2d 539, 559 (S.D.N.Y. 2013) (quoting *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 573 (2d Cir. 1996)); *see also Manganiello*, 612 F.3d at 163-64 ("'[M]alice may be shown by proving that the prosecution complained of was undertaken from improper or wrongful motives, or in reckless disregard of the rights of the plaintiff.'" (quoting *Pinsky v. Duncan*, 79 F.3d 306, 313 (2d Cir. 1996))).

Plaintiff asserts in his opposition brief that to cover up what was otherwise an unjustified hot pursuit that resulted in damage to his apartment and apartment building, the officers "manufacture[d] facts and evidence and pass[ed] those along to the prosecutors" and the grand jury. Pl. Opp. at 13. As currently drafted, however, Plaintiff's Complaint is conclusory and merely alludes to an improper or wrongful motive. Plaintiff asserts that "[t]he acts alleged by the defendants were fabricated in order to justify the bad stop, seizure, illegal search, recklessly destroying property by crashing through a glass door and having drawn a gun without any legal justification." Compl. ¶ 35. He later alleges, again in a conclusory fashion, that "[t]he individual defendants acted intentionally, willfully, maliciously, negligently and with reckless disregard for and deliberate indifference to Mr. Longo's rights." *Id.* ¶ 56. Plaintiff must do more than offer speculation and conclusion that Defendants' motives were improper. *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . .")

### III.      Denial of Right to Fair Trial

Plaintiff also claims he was denied a fair trial.  A person is denied the right to a fair trial when an investigating official provides to the prosecutor fabricated evidence that is likely to influence a jury's decision, and the plaintiff suffers a deprivation of liberty as a result.  *Perez v. Duran*, 962 F. Supp. 2d 533, 543 (S.D.N.Y. 2013) (quoting *Jovanovic v. City of New York*, 486 F. App'x 149, 152 (2d Cir. 2012) (summary order)).  "A plaintiff need not have proceeded to a full trial on the merits in order to have an actionable section 1983 claim based on the denial of a fair trial."  *Marom v. City of New York*, No. 15-CV-2017 (PKC), 2016 WL 916424, at *9 (S.D.N.Y. Mar. 7, 2016) (citing *Ricciuti v. New York City Transit Auth.*, 124 F.3d 123, 127 (2d Cir. 1997); *Canario v. City of New York*, 05 CIV 9343 (LBS), 2006 WL 2015651, at *1 (S.D.N.Y. July 12, 2006)).  "[T]he claim accrues when the officer forwards the false information to the prosecutors."  *Garnett v. Undercover Officer C0039*, No. 1:13-CV-7083 (GHW), 2015 WL 1539044, at *4 (S.D.N.Y. Apr. 6, 2015).

Defendants urge this Court to dismiss Plaintiff's claim arguing, first, that Plaintiff's allegations lacked specificity regarding in what way Defendants' statements, information, or testimony were false or in what material respect the charges against him were false.  Defs. Mem. at 10-11.[8]  As with the malicious prosecution claims, the Court agrees.  Plaintiff alleges that he was "denied the right to a fair trial . . . when the defendants fabricated evidence, gave false testimony, and made false extrajudicial statements to the Manhattan District Attorney's Office to be used against Mr. Longo at trial as well as to a Supreme Court judge in an effort to secure a search warrant, indictment and conviction against Mr. Longo."  Compl. ¶ 59.  But those

---

[8]      As with the malicious prosecution claim, Plaintiff acknowledges that he cannot premise his claim for denial of a right to fair trial on claims of false testimony alone.  Pl. Opp. at 20, 22; Defs. Reply at 8.

allegations fail to state with the requisite specificity the evidence that was purportedly fabricated. *See Lewis*, 591 F. App'x at 22 ("[A]gree[ing] with the district court that because Lewis has provided no detail regarding the evidence purportedly fabricated by the defendant officers, he has not stated a plausible claim for denial of the right to a fair trial."); *Waddlington v. City of New York*, 971 F. Supp. 2d 286, 297 (E.D.N.Y. 2013) ("Plaintiff at no point alleges with specificity what false information [police officers] created or forwarded to the D.A.'s Office"); *Wright v. Orleans Cty.*, No. 14-CV-00622 (AF), 2015 WL 5316410, at *13 (W.D.N.Y. Sept. 10, 2015) ("[A]lthough Plaintiffs allege unidentified Defendants presented falsified information to the Grand Jury as well as at trial, the failure to specify what constituted the allegedly falsified information is fatal to Plaintiffs' fair trial claim."). As with his malicious prosecution claim, the Court declines to consider the somewhat more specific factual allegations that Plaintiff introduced for the first time in his opposition brief. *See* Pl. Opp. at 19-22.[9]

Defendants also argue, however, that Plaintiff fails to allege that the fabricated evidence was material – that is, would have been likely to influence a jury. According to Defendants, the search warrant affidavit and the criminal complaint cannot form the basis of a denial of fair trial claim because those documents constitute inadmissible hearsay and could never be admitted into evidence at trial. Defs. Reply at 8-9. The Court need not decide the issue at this stage but notes that the fact that the allegedly fabricated information was incorporated into documents that were not themselves admissible (a criminal complaint and a search warrant affidavit) is of no moment. *Soomro v. City of New York*, No. 13CV0187 (LTS), 2016 WL 1266069, at *6 (S.D.N.Y. Mar. 30, 2016) ("[T]he fact that allegedly fabricated evidence would be inadmissible at trial by itself is

---

[9]       And as with the malicious prosecution claims, the Court is skeptical that the allegations Plaintiff included in his opposition brief would suffice, without more, to state a claim for denial of his right to a fair trial. *Waddlington*, 971 F. Supp. 2d at 297 ("Plaintiff's mere recitation of inconsistencies in certain officers' testimonies, without more, does not establish liability under section 1983 for providing false information to prosecutors.").

not a bar to the claim."); *see Marom v. City of New York*, No. 15-CV-2017, slip op. at 4

(S.D.N.Y. July 29, 2016) (reinstating plaintiff's fair trial claims on a Motion for Reconsideration

and holding that materiality does not require admissible evidence); *Buie v. City of New York*, No.

12 CV 4390 (RJD) (CLP), 2015 WL 6620230, at *11 (E.D.N.Y. Oct. 30, 2015) (holding false

information in a criminal complaint could form the basis of a § 1983 denial of a right to fair trial

claim, even though the complaint was inadmissible and the allegedly fabricated evidence could

only otherwise reach the jury through defendants' immunity-cloaked testimony).  That said, the

Defendants are correct that to form the basis of a denial of a fair trial right the allegedly false

information must be material, a standard Plaintiff may well have difficulty meeting.

## IV.    Leave to Amend

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, the Court has

discretion to grant leave to Plaintiff to amend his complaint when justice so requires.  Fed. R.

Civ. P. 15(a)(2).  If Plaintiff wishes to amend his complaint, he must move for leave to do so on

or before October 14, 2016, and the motion must attach a proposed amended complaint.

Defendants shall have until October 28, 2016 to oppose Plaintiff's motion, and Plaintiff's reply

shall be due November 4, 2016.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss (Dkt. 14) is GRANTED.

If Plaintiff wishes to seek leave to file an Amended Complaint, he must make a motion for leave

to amend his Complaint on or before **October 14, 2016**.  Defendants must file a response to the

motion on or before **October 28, 2016,** and Plaintiff's reply must be filed on or before

**November 4, 2016**.  The Clerk of Court is respectfully requested to close Docket Entry 14.


**SO ORDERED.**

**Date:   September 26, 2016**
        **New York, New York**

**VALERIE CAPRONI**
**United States District Judge**